Judge Hellerstein

Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff



08 CV 02927

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
a/s/o SCANDINAVIAN DESIGNS, INC.

       Plaintiff,

  - against -

M/V HANNOVER EXPRESS, her engines, boilers,
tackle, furniture, apparel, etc; and HAPAG LLOYD
CONTAINER LINE,

       Defendants.
-------------------------------------------------------------X

2008 Civ.          N.Y.

**COMPLAINT**

    Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o SCANDINAVIAN DESIGNS, INC. (hereinafter "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC as and for its Complaint against the M/V HANNOVER EXPRESS, her engines, boilers, tackle, furniture, apparel, etc., *in rem* and HAPAG LLOYD CONTAINER LINE, *in personam*, alleges upon information and belief as follows:

### PARTIES

    1.    At all material times, Fireman's Fund Insurance Company (hereinafter "FFIC") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1 Chase Manhattan Plaza, 37th Floor, New York, NY 10005 and is the subrogated underwriter of a consignment of furniture laden aboard M/V HANNOVER EXPRESS, as more fully described below.

2. At all material times Scandinavian Designs, Inc. was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 2250 S. McDowell Extension, Petaluma, CA 94954 and was the owner of a consignment of furniture laden aboard M/V HANNOVER EXPRESS, as more fully described below.

3. At all material times defendant, HAPAG LLOYD CONTAINER LINE (hereinafter "Hapag Lloyd"), was and is a foreign corporation with a place of business located at 399 Hoes Lane, Piscataway, New Jersey 08854 and at all relevant times was and is doing business in this jurisdiction and was at all relevant times the owner and/or operator of the M/V HANNOVER EXPRESS.

4. At all material times the M/V HANNOVER EXPRESS (hereinafter "vessel"), was and still is a vessel operated as a common carrier of goods in ocean transportation for hire, and she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

## JURISDICTION

5. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States

## FACTS

6. On or about March 7, 2007, a consignment consisting of 662 packages of furniture laden into container numbered HLXU 6259217, then being in good order and condition, was delivered to the M/V HANNOVER EXPRESS and to Hapag Lloyd and/or their agents in Aarhus, Denmark for transportation to Oakland, California, in consideration of an

agreed upon freight, all pursuant to Hapag Lloyd bill of lading number HLCUCPH070208113, dated March 7, 2007.

7. Thereafter, the consignment having been loaded aboard the M/V HANNOVER EXPRESS, the vessel sailed from the port of Aarhus, Denmark to its destination in Oakland, California, U.S.A.

8. Following discharge, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead, had sustained wetting and moisture damages during transit.

9. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants.

10. At all times relevant hereto, a contract of insurance for property damage was in effect between Scandinavian Designs, Inc. and FFIC, which provided coverage for, among other things, loss or damage to the consignment.

11. Pursuant to the aforementioned contract of insurance between Scandinavian Designs, Inc. and FFIC, monies have been and will be expended on behalf of Scandinavian Designs, Inc. in the amount of $16,888.30 to the detriment of FFIC due to the damages sustained during transit.

12. As FFIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, FFIC has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

13. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

14. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

15. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $16,888.30.

16. Plaintiff has a maritime lien against the M/V HANNOVER EXPRESS for the damages referred to herein and will enforce that lien in these proceedings.

17. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. In rem service of process be issued against the M/V HANNOVER EXPRESS, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If Hapag Lloyd cannot be found within this District, then all their property within this District be attached in the amount of $16,888.30 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V HANNOVER EXPRESS, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiffs;

4. The Court order, adjudge and decree that defendants HAPAG LLOYD CONTAINER LINE and the M/V HANNOVER EXPRESS be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
March 20, 2008
299-270

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *Martin F. Casey*
Martin F. Casey (MFC-1415)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225